UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

∗ ∗ ∗

| | |
|---|---|
| NEVADA ASSOCIATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEON BENZER, *et al.*, <br><br> Defendants. | Case No. 2:13-cv-02128-RFB-NJK <br><br> ORDER |

### I.  INTRODUCTION

Before the Court is United States' Motion for Distribution of Interpleader Fund. ECF No. 84. For the following reasons, the Court grants United States' Motion.

### II.  BACKGROUND

Nevada Association Services, Inc. initiated this interpleader action in the district court for Clark County, Nevada, and deposited the amount of excess proceeds it received as a result of a non-judicial foreclosure of the real property located at 29 Highland Creek Drive, Henderson, NV 89052. ECF No. 1 at 9. The action was removed to this Court on November 18, 2013. ECF No. 4-5. On August 4, 2014, the funds originally deposited with the state clerk of court were ordered to be transferred to this Court's Clerk. ECF No. 59. On September 17, 2014, Plaintiff filed a motion requesting attorneys' fees and costs. ECF No. 69. That Motion was granted in a hearing before this Court on September 28, 2015. ECF No. 82. At that hearing, the Court stated that the parties would have until October 19, 2015 to submit briefing or motions for claims against the interpled funds. Tr. of Hr'g at 12-13.  On October 19, 2015, the United States filed this Motion requesting the full $17,840.25 in the interpleader fund. ECF No. 84. Plaintiff responded on November 2, 2015. ECF

No. 87. This Court held a hearing on November 4, 2015, in which Plaintiff was ordered to issue supplemental briefing to its response to the US's motion. ECF No. 89. Plaintiff filed a supplemental response on November 9, 2015. ECF No. 88. The US filed a reply on November 12, 2015. ECF No. 90.

### III.     LEGAL STANDARD

Generally, courts have discretion to award attorney fees in interpleader action. Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982). However, courts have also held that "the existence of prior tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees." Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir. 1984) (citing several cases that hold both fees and costs cannot be paid to an interpleader plaintiff if it will diminish the fund). Claims for costs and attorneys' fees cannot diminish the portion of an interpleaded fund to which the government is entitled by virtue of a tax lien. Bank of America Nat. Trust and Sav. Ass'n v. Mamakos, 509 F.2d 1217, 1219 (9th Cir. 1975) ("the district court . . . would have to disallow the bank's claims for costs and attorneys fees. Such claims may not diminish the portion of an interpleaded fund to which the government is entitled by virtue of a federal tax lien.").

### IV.     DISCUSSION

The United States argues that federal law dictates that the amount recoverable under a prior federal tax lien cannot be diminished by any award of Plaintiff's out of pocket costs or attorneys' fees for bringing an interpleader action. Because Benzer's tax liability is greater than the amount in the interplead fund, any award from that fund would diminish the government's recovery and should not be allowed.

Plaintiff responds that the United States had waived its argument that Plaintiff is not entitled to attorneys' fees and costs because it did not oppose Plaintiff's initial motion. Plaintiff argues this is a dispositive motion, and the original Scheduling Order set a deadline for the filing of dispositive motions for September 17, 2014. Because the United States filed its motion on

1 October 19, 2015, the motion should be denied on this basis. Alternatively, Plaintiff argues that while the Ninth Circuit case the United States relied on, Abex Corp. v. Ski 's Enterprises, 748 F.2d 513 (9th Cir. 1984), stands for the proposition that attorneys' fees may not be awarded from the interplead fund until a federal tax lien is paid, there is no preclusion of payment of out-of-pocket costs incurred in filing and prosecuting the interplead action. Plaintiff argues it would be inequitable to allow the US to "benefit by being awarded all of the interpled funds when it could not have obtained those funds without the out-of-pocket expenditure by Plaintiff." The Court has discretion in the amount of costs awarded to an interpleading party, and Plaintiff argues this award of out-of-pocket costs would be consistent with this discretion. Finally, Plaintiff argues it is entitled to additional attorneys' fees because the United States did not oppose its initial motion for fees and costs. Because the United States did not oppose that motion and did not file its dispositive motion before September 17, 2014, Plaintiff has incurred attorney fees in responding to the United States' motion, attending the hearing, and filing the supplemental response.

The United States replies that that the instant motion was filed in compliance with the Court's order from September 30, 2015, which ordered dispositive motions regarding claims against the interpled funds should be filed by October 19, 2015. Because Capital One's (another Defendant) interest was recorded prior to the tax liens, the US's claim to the funds did not have priority until Capital One disclaimed its interest in the fund on October 19, 2015. The United States further replies that federal law precludes the awarding of both out-of-pocket costs and attorneys' fees where to do so would diminish the award for a prior tax lien. ECF No. 90 at 2 (citing Bank of America Nat'l Trust & Sav. Assn. v. Mamakos, 509 F.2d 1217, 1219-20 (9th Cir. 1975).

The Court finds that the United States has not waived the right to seek the interpled funds, and that federal law dictates that the United States' claim must take precedence over both attorneys' fees and costs of the Plaintiffs. The United States' Motion was properly filed according to the Court's Order in the September 28, 2015 hearing. At that hearing, the Court explicitly stated that the parties would have until October 19, 2015 to submit briefing or motions for claims against the interpled funds. Tr. of Hr'g at 12-13. The United States filed its motion on October 19, 2015, which was timely per the Court's Order.

The Court lacks discretion to grant costs or fees to Plaintiffs. The Ninth Circuit has stated that "claims for <u>costs and</u> attorneys' fees . . . may not diminish the portion of an interpleaded fund to which the government is entitled by virtue of a federal tax lien." <u>America Nat'l Trust & Sav. Assn.</u>, 509 F.2d at 1219-20 (emphasis added).

Therefore, the Court GRANTS Defendant's Motion for Distribution of the Interplead Fund.

V.     **CONCLUSION**

**IT IS HEREBY ORDERED** that United States' Motion for Distribution of Interpleader Fund (ECF No. 84) is GRANTED.

**DATED:** <u>September 28, 2016</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**